UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                      :
CATHERINE GIBSON,                                                     :
                                                                      :
                                      Plaintiff,                      :
                                                                      :            21-CV-7042 (JMF)
                    -v-                                                :
                                                                      :        MEMORANDUM OPINION
526 WEST 158th STREET HOUSING                                         :             AND ORDER
DEVELOPMENT FUND CORP., JOSE                                          :
CASTILLO, MARIA CASTILLO, JOHN DOES 1-4,                              :
                                                                      :
                                      Defendants.                     :
                                                                      :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        In this case, which was originally filed in New York State court, Plaintiff Catherine Gibson

brings claims against 526 West 158th Street Housing Development Fund Corporation ("HDFC"),

Jose and Maria Castillo, and John Does 1-4 relating to the purchase of a cooperative apartment.

Luis Cordero — who is apparently one of the John Doe Defendants — removed the case to this

Court, with the express consent of HDFC.  The Castillos, however, did not — and, indeed, have

confirmed that they do not — consent to such removal.  *See* ECF No. 10-1.  On that basis, among

others, Gibson now moves to remand the case to New York State court.

        Under Title 28, United States Code, Section 1441(a), any defendant may remove "any civil

action brought in a State court of which the district courts of the United States have original

jurisdiction" to federal court.  In order for a case to be properly removed, however, "*all* defendants

who have been properly joined and served must join in or consent to the removal of the action."  28

U.S.C. § 1446(b)(2)(a) (emphasis added); *see Commonwealth Advisors Inc. v. Wells Fargo Bank,*

*Nat'l Ass'n*, No. 15-CV-7834 (JMF), 2016 WL 3542462, at *4 (S.D.N.Y. June 23, 2016).  Here, of

course, there is no dispute that this condition — the so-called rule of unanimity — was not satisfied,

as the Castillos did not, and do not, consent to removal.  Nevertheless, Defendants contend that

removal was proper because the Castillos are merely nominal parties.  *See* ECF No. 16 ("Defs.'

Opp'n"), at 6.

To invoke the nominal-party exception to the rule of unanimity, Cordero and HDFC "bear[]

the heavy burden of proving by clear and convincing evidence . . . that there is no possibility based

on the pleadings . . . that a plaintiff can state a cause of action against the [nominal defendant] in

state court." *Commonwealth Advisors Inc.*, 2016 WL 3542462, at *4 (internal quotation marks

omitted); *see also Cole v. City of New York*, No. 19-CV-8376 (JGK), 2020 WL 3618422, at *3

(S.D.N.Y. July 2, 2020) ("[A] party is nominal when that party has little or no interest in the

outcome of the litigation and no cause of action or claim for relief is or could be stayed against it."

(internal quotation marks omitted)).[1]  Parties that have qualified as nominal under that standard

include "an arbitrator whose decision was sought to be vacated, . . . a defendant against whom no

claim was asserted, . . . and a party not in a position to provide the injunctive relief requested by the

plaintiff." *Metro. Transp. Auth. v. U.S. Fid. & Guar. Co.*, 14-CV-9059 (PAE), 2015 WL 1730067,

at *5 (S.D.N.Y. Apr. 14, 2015) (internal quotation marks and citations omitted).

Applying those standards, the Court concludes that Cordero and HDFC fail to carry their

heavy burden here.  Gibson and the Castillos, as the owners of the apartment in question, entered

into a contract on April 23, 2021, that provided Gibson with the right to conduct an inspection of

the apartment.  *See* ECF No. 1-1 ("Compl."), ¶ 7; *see also* ECF No. 8-1, ¶ 22; ECF No. 8-2, ¶ 31(b).

Gibson alleges that the Castillos breached that provision because, when she attempted to conduct

the inspection, the water and electricity had been cut off and the Castillos failed to get them turned

---

[1]     The nominal-party exception also applies where a removing defendant shows by clear and
convincing evidence that there has been outright fraud committed in the plaintiff's pleadings, *see*
*Commonwealth Advisors Inc.*, 2016 WL 3542462, at *4, but there is no such claim here.

back on, thereby preventing "an inspection of the . . . plum[b]ing and electrical outlets."  Compl. ¶¶ 11-12, 27-29; *see* ECF No. 17 ("Pl.'s Reply"), at 5.

Whether or not Gibson would ultimately prevail on this claim of breach, it is plausible enough for the Court to conclude that there *is* a "possibility" that Gibson "can state a cause of action against" the Castillos "in state court." *Commonwealth Advisors Inc.*, 2016 WL 3542462, at *4 (internal quotation marks omitted).  What is more, if a court were to grant Gibson the relief she is seeking, the Castillos would be bound by the resulting judgment and would have to play a direct role in its enforcement through the sale of their apartment to Gibson.  That is another reason they do not qualify as nominal parties for purposes of removal.  *See In re Vill. Of Kiryas Joel, N.Y.*, No. 11-CV-8494 (ER), 2012 WL 1059395, at *4-5 (S.D.N.Y. Mar. 29, 2012) (holding that a party was not nominal in part because the party might play a role in the enforcement of the judgment); *see also Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Loc. 349, Int'l Printing Pressmen & Assistants' Union of N. Am.*, 427 F.2d 325 (5th Cir. 1970) (explaining that determination of whether a defendant would be bound by an injunction is important in determining whether the defendant is nominal).

In light of the foregoing, the Court concludes that removal of this case violated the rule of unanimity.  It follows that the case must be and is remanded back to New York State court.  *See also Taylor v. Medtronic, Inc.*, — F.4th —, No. 20-742-CV, 2021 WL 4468984, at *2 (2d Cir. Sept. 30, 2021) ("Because statutory procedures for removal are to be strictly construed, we resolve any doubts against removability." (cleaned up)).  Accordingly, the Clerk of Court is directed to remand this case back to New York State court and to close the case.

SO ORDERED.

Dated: October 19, 2021
         New York, New York

JESSE M. FURMAN
United States District Judge